UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Lamar Wright, #286740, *formerly #250258*, a/k/a Anthony L. Wright, | ) ) ) ) |
| Plaintiff, | ) C/A No. 4:16-218-TLW-TER ) ) REPORT AND RECOMMENDATION ) |
| vs. | ) ) |
| Dr Darby, in his individual capacity, Dr. Randolph, in her individual capacity, Dr. Grant, in his individual capacity, Sheriff Strickland, in his individual capacity, Sheriff Koon, in his individual capacity, Sheriff Leon Lott, in his individual capacity, Correct Care Solutions, Southern Health Partners, Sgt. Holley, Dr. Chaves, in his individual capacity, Charleston County Detention Center, Sheriff Al Cannon, Nurse Herndon, in her individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This is a civil action filed *pro se* by a local detention center inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

**BACKGROUND**

The plaintiff has brought suit against, *inter alia*, the Charleston County Detention Center,[1] as well a number of other individual defendants. In a separately-filed order, the undersigned is authorizing service of process upon the individual defendants.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this

---

[1] Plaintiff completed a USM-285 service form for the Charleston County Detention Center, and referenced certain medical providers that Plaintiff had contact with at the Charleston County Detention Center in the body of his Complaint. Accordingly, the Clerk's Office has included the Charleston County Detention Center as a Defendant in this case. This Report and Recommendation is entered to the extent that Plaintiff intended to name the Charleston County Detention Center as a Defendant in this case.

Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person."

The Charleston County Detention Center is a group of buildings or a facility. Inanimate objects (such as buildings, facilities, and grounds) do not act under color of state law. Hence, the Charleston County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

## RECOMMENDATION

Accordingly, it is recommended that the district court summarily dismiss the Charleston County Detention Center from the above-captioned case without prejudice and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201,

3

202-204 & n. * (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) (essentially a redesignation of "old" 1915(d)); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

  The plaintiff's attention is directed to the Notice on the next page.

|  |  |
|---|---|
| March 25, 2016<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).