UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Anthony Lamar Wright, #286740, | ) | |
| *formerly #250258*, | ) | C/A No. 4:16-218-TLW-TER |
| *a/k/a Anthony L. Wright,* | ) | |
| | ) | |
| Plaintiff, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| vs. | ) | |
| | ) | |
| Dr Darby, in his individual capacity, | ) | |
| Dr. Randolph, in her individual capacity, | ) | |
| Dr. Grant, in his individual capacity, | ) | |
| Sheriff Strickland, in his individual capacity, | ) | |
| Sheriff Koon, in his individual capacity, | ) | |
| Sheriff Leon Lott, in his individual capacity, | ) | |
| Correct Care Solutions, | ) | |
| Southern Health Partners, | ) | |
| Sgt. Holley, | ) | |
| Dr. Chaves, in his individual capacity, | ) | |
| Charleston County Detention Center, | ) | |
| Sheriff Al Cannon, | ) | |
| Nurse Herndon, in her individual capacity, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **PROCEDURAL BACKGROUND**

Plaintiff, proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on January 20, 2016, alleging a violation of his constitutional rights. Plaintiff filed an

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

1

amended complaint on March 16, 2016. (Doc. # 13). Plaintiff is currently housed at the Alvin S. Glenn Detention Center. At all times relevant to the allegations in the amended complaint as to Defendants Koon and Holley, Plaintiff was housed as a pretrial detainee at the Lexington County Detention Center. (LCDC). On July 18, 2016, Defendants Sheriff Koon and Sgt. Holley filed a motion for summary judgment along with a memorandum and exhibits. (Doc. 60). As the Plaintiff is proceeding *pro se*, the court issued an order on or about July 18, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to the motion on August 1, 2016.

## DISCUSSION

### STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a

federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory

allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**ARGUMENT OF PARTIES/ ANALYSIS**

Plaintiff alleges that while housed at the Lexington County Detention Center (LCDC), he was denied the medication he requested for Multiple Sclerosis (MS) while under the medical care of Dr. Darby. As a result of being denied his medication for MS, Plaintiff alleges that he was "left very off balance, falling at times hitting my

4

head, and I was always in constant pain. All officers always left the burden to provide medical treatment on the doctors with no remedy for the suffering I was experiencing." (Amended complaint, p. 3).

As to Defendants Koon and Holley, Plaintiff's allegations are sparse. As to Sheriff Koon, Plaintiff alleges that he filed grievances with his office that went unanswered. Further, Plaintiff alleges that "Sgt. Holley who works security, not medical decided ignorantly to make a judgment call about my health before defendant Dr. Darby decided to prescribe me a much needed steroid injection. Sgt. Holley jumped to the conclusion that I was faking my poor health and grabed(sic) me forcefully slung me into my cell causing me to fall face first into my steel bed producing a bloody mouth, A injured hand and arm, As well as a bruised knee." (Amended complaint, p. 7) (errors in original).

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Defendants Koon and Holley have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis.[2] Plaintiff did not address this argument in his response to

---

[2] A "prisoner", is defined to mean, "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." § 1997e(h). Thus, exhaustion of administrative remedies is also required of pretrial detainees such as the plaintiff here. See also Bunch v. Nash, 2009 WL 329884, at 4, n. 2

5

summary judgment. However, the allegations asserted against Defendant Koon in the amended complaint is that he filed several grievances with the office of Sheriff Koon that went unanswered. Plaintiff did not attach a copy of any grievances he allegedly filed or what he asserted in the alleged grievances.

In support, Defendants submitted the affidavit of Monica Randall (Randall) who attests that she is currently employed by the Sheriff of Lexington County where she has worked since March 2010. (Doc. # 60-4, 60-5). Randall attests that she is currently an Administrative Sergeant for the Detention Bureau and serves as the Grievance Coordinator and records custodian over the grievance forms. Id. The LCDC detainee grievance procedure allows the detainees to file grievances related to the conditions of their detainmant, and all have access to the grievance procedure with instructions and procedures posted in common areas in the housing units at the LCDC. Id. Copies of all appeals and responses are electronically stored and maintained for a period of three (3) years. Id Randall attests that she conducted a thorough review of the grievances filed during the times that Plaintiff was incarcerated at the LCDC, and it appears he filed four grievances while incarcerated which she attached to her affidavit as Attachment 2. Id Plaintiff received responses to each of the four grievances, but he did not appeal any of the grievances. None of the grievances filed

---

(D.S.C. February 10, 2009); Tate v. Anderson, 2007 WL 28982 at 4 (D.S.C. January 3, 2007).

"even mention Sgt. Holley or Sheriff Koon, and they certainly did not state facts alleging wrongdoing by either." Id

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit.  The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Id. § 1997e(a).  Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC.  The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002);  Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718  (7th Cir.  2001)(exhaustion required even though Plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir.,

7

September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

There is no evidence that the Plaintiff exhausted his administrative remedies with regard to the allegations in the complaint as to Defendants Koon and Holley. Even though he filed several grievances to which he received responses, he did not appeal any of the grievances.[3] (See Randall affidavit). Therefore, it is recommended that this action be dismissed for failure to exhaust administrative remedies.

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that the motion for summary judgment filed by Defendants Koon and Holley (doc.# 60) be granted for failure to exhaust administrative remedies.

---

[3] Plaintiff did not contest this assertion in his response in opposition to summary judgment.

                    Respectfully Submitted,

                    <u>s/Thomas E. Rogers, III</u>
                    Thomas E. Rogers, III
                    United States Magistrate Judge

August <u>25</u>, 2016
Florence, South Carolina

    The parties' attention is directed to the important notice on the next page.

9