UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Anthony Lamar Wright, | ) | |
| *a/k/a Anthony L. Wright,* | ) | C/A No. 4:16-218-TLW-TER |
| | ) | |
| | ) | |
| Plaintiff, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| vs. | ) | |
| | ) | |
| Dr Darby, in his individual capacity, | ) | |
| Dr. Randolph, in her individual capacity, | ) | |
| Dr. Grant, in his individual capacity, | ) | |
| Sheriff Strickland, in his individual capacity, | ) | |
| Sheriff Koon, in his individual capacity, | ) | |
| Sheriff Leon Lott, in his individual capacity, | ) | |
| Correct Care Solutions, | ) | |
| Southern Health Partners, | ) | |
| Sgt. Holley, | ) | |
| Dr. Chaves, in his individual capacity, | ) | |
| Charleston County Detention Center, | ) | |
| Sheriff Al Cannon, | ) | |
| Nurse Herndon, in her individual capacity, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on January 20, 2016, alleging a violation of his constitutional rights. Plaintiff filed an amended complaint on March 16, 2016. (Doc. # 13). On September 15, 2016, Defendant Sheriff Strickland filed

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

1

a motion for summary judgment along with a memorandum and affidavits. (Doc. #103). As the Plaintiff is proceeding *pro se*, the court issued an order on or about September 16, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately.  On September 27, 2016, Plaintiff was given an extension to file a response to the motion for summary judgment until November 20, 2016, or his case may be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. #116). Plaintiff failed to file a response.

On September 19, 2016, Defendant Lott filed a motion for summary judgment along with a memorandum and affidavits. (Doc. #107). As the Plaintiff is proceeding *pro se*, the court issued an order on or about September 20, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately.  On September 27, 2016, Plaintiff was given an extension to file a response to the motion for summary judgment until November 20, 2016, or his case may be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. #116). Plaintiff failed to file a response.

On September 20, 2016, Defendants Correct Care Solutions, Darby, Chaves, and Randolph filed a motion for summary judgment along with a memorandum and affidavits. (Doc. #110). As the Plaintiff is proceeding *pro se*, the court issued an order on or about September 22, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he

failed to respond adequately.  On September 27, 2016, Plaintiff was given an extension to file a response to the motion for summary judgment until November 20, 2016, or his case may be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. #116). Plaintiff failed to file a response.

## **RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to the motions for summary judgment by Defendants Strickland, Lott, Correct Care Solutions, Darby, Chaves, and Randolph or the court's orders requiring him to respond. No other reasonable sanctions are available.

Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b) as to these Defendants.

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice as to Defendants Strickland, Lott, Correct Care Solutions, Darby, Chaves, and Randolph.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 28, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

4