IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Lamar Wright *a/k/a Anthony L. Wright*, <br><br> Plaintiff, <br><br> v. <br><br> Dr. Darby, in his individual capacity, Dr. Randolph, in her individual capacity, Dr. Grant, in his individual capacity, Sheriff Strickland, in his individual capacity, Sheriff Koon, in his individual capacity, Sheriff Leon Lott, in his individual capacity, Correct Care Solutions, Southern Health Partners, Sgt. Holley, Dr. Chaves, in his individual capacity, Charleston County Detention Center, Sheriff Al Cannon, Nurse Herndon, in her individual capacity, <br><br> Defendants. | C/A No. 4:16-cv-218-TLW <br><br><br><br> **ORDER** |

Plaintiff Anthony Lamar Wright[1], proceeding pro se, filed this action alleging violations of his constitutional rights while he was incarcerated in several correctional institutions pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 13. Specifically, Plaintiff claims that prison medical staff denied him medication and "disease modifying therapy" for multiple sclerosis, and he alleges that prison officials verbally and physically abused him in the Colleton, Lexington, and Richland County Jails. ECF No. 13 at 3-10.

The matter now comes before this Court for review of four Report and Recommendations[2] (R&Rs) filed by Magistrate Judge Rogers, to whom this case was assigned pursuant to the

---

[1] At the time this action was filed, Plaintiff was incarcerated at the Alvin S. Glenn Detention Center; however, the record reflects that he has since been released. ECF No. 130.

[2] There are multiple R&Rs in this case because there are multiple motions filed by separate defendants at different times and for different grounds.

provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. ECF Nos. 90, 126, and139. In the first R&R, the Magistrate Judge recommends that the Court dismiss the Charleston County Detention Center without prejudice because it is not a "person" who is subject to suit under § 1983. ECF No. 17. In the second R&R, the Magistrate Judge recommends that the Court grant summary judgment as to Defendants Sheriff Koon and Sgt. Holley because there is no evidence that Plaintiff exhausted his administrative remedies with regard to the allegations against these Defendants. ECF No. 90 at 8. In the third R&R, the Magistrate Judge recommends dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b) as to the claims against Defendants Southern Health Partners and Nurse Herndon because Wright failed to respond to their motion for summary judgment and court orders directing him to do so. ECF No. 126. In the fourth R&R, the Magistrate Judge recommends dismissal with prejudice pursuant to Rule 41(b) as to the claims against Defendants Sherriff Strickland, Sherriff Lott, Correct Care Solutions, Dr. Darby, Dr. Chaves, and Dr. Randolph because Wright failed to respond to their motions for summary judgment and court orders directing him to do so. ECF No. 139. The time to file objections to each R&R has expired and Plaintiff did not file objections despite being granted an extension of time to do so.

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&Rs to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in the R&Rs. 28 U.S.C. § 636. In the absence of objections to an R&R, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

This Court carefully reviewed the R&Rs in this case and accepts the analysis set forth by the Magistrate Judge. Noting also that there were no objections by Plaintiff, the R&Rs are hereby ACCEPTED. After careful consideration of the record and evidence before the Court, the Court finds that it is appropriate to summarily dismiss the Charleston County Detention Center without prejudice and without service for the reasons set forth in the first R&R, ECF No. 17. Additionally, noting that the Plaintiff's response to the motion fails to address any of the arguments asserted, the Court finds that summary judgment in favor of Sheriff Koon and Sgt. Holley is appropriate for the reasons set forth in the second R&R, ECF No. 90. Further, for the reasons set forth in the third and fourth R&Rs, ECF Nos. 126 and 139, the claims against Defendants Sherriff Strickland, Sherriff Lott, Southern Health Partners, Nurse Herndon, Correct Care Solutions, Dr. Darby, Dr. Chaves, and Dr. Randolph are dismissed with prejudice pursuant to Rule 41(b).

After careful consideration, the Court concludes that the remaining claims in the case are properly dismissed based on Plaintiff's failure to comply with court orders and failure to diligently prosecute his case. Based on Plaintiff's actions, and noting his release from incarceration, it is reasonable to conclude he has abandoned his remaining claims.

Pursuant to Rule 41(b), an action may be involuntarily dismissed when "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ." The Rules recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The propriety of a dismissal depends on the particular circumstances of the case viewed in light of the following factors: (i) the degree of personal responsibility of the plaintiff; (ii) the

amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal. Ballard, 882 F2d at 95. The Court is mindful that dismissal is not a sanction to be invoked lightly. Id. In this case, however, the factors cited weigh in favor of dismissing the remaining claims for the reasons set forth below.

First, Plaintiff is proceeding pro se and, therefore, only he is to blame for his failure to respond to motions and Roseboro Orders.

Second, the remaining Defendants, Sherriff Al Cannon and Dr. Grant, would not be prejudiced by the dismissal of Plaintiff's claims at this point in the proceeding.

Third, Plaintiff's actions in this case demonstrate a history of deliberately proceeding in a dilatory fashion. Initially, Plaintiff responded to the first Roseboro Order entered by the Magistrate Judge directing him to respond to the motion for summary judgment filed by Sheriff Koon and Sgt. Holley. ECF Nos. 61, 70. However, Plaintiff then failed to timely respond to three subsequent Roseboro Orders directing him to respond to motions for summary judgment filed by Southern Health Partners, Nurse Herndon, Sheriff Strickland, Correct Care Solutions, Dr. Darby, Dr. Chaves, and Dr. Randolph. ECF Nos. 94, 105, and 114. After the time to respond to these motions expired, Plaintiff filed a motion stating: "I need at least a 45 day continuance, due to having staples in my head from an assault and robbery." ECF No. 112. The Magistrate Judge treated this as a motion for an extension of time and granted it in part as follows:

> Defendants Southern Health Partners and Nurse Herndon filed a motion for summary judgment on August 26, 2016. The court issued an order filed August 29, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #94). The

> response is currently due October 3, 2016. On September 21, 2016, Plaintiff filed the motion for an extension but did not indicate which motion he was addressing. (Doc. #112). The motion is granted in part and denied in part. The motion is granted to the extent Plaintiff is given until November 3, 2016, to file a response to the motion for summary judgment filed by Defendants Southern Health Partners and Nurse Herndon pursuant to the Roseboro order or his case against these Defendants may be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.
>
> It is noted that there are three other outstanding motions for summary judgment filed by Defendant Strickland (Doc. #103), Defendant Lott (doc.#107), and Defendants Correct Care Solutions, Darby, Chaves, and Randolph (doc.#110). Roseboro Orders have been issued for each of these motions. The responses to these motions for summary judgment are due October 20, 2016, October 24, 2016, and October 27, 2016, respectively. The time to respond to these three motions for summary judgment is extended until November 20, 2016, pursuant to the Roseboro order or his case against these Defendants may be dismissed for failure to prosecute. No further extensions will be granted absent extraordinary circumstances.

ECF No. 116 at 1-2. Despite being granted an extension of time to respond to all pending motions, Plaintiff failed to file a response. Instead, on November 30, 2016, Plaintiff filed a document entitled "Objection to Report and Recommendation" in which he requested another extension of time to obtain additional information from a doctor's appointment he asserted was scheduled for December 9, 2016. ECF No. 129. This Court construed this as a request for an extension of time to respond to the most recent R&R entered, ECF No. 126, and granted an extension of time until December 16 to file objections to that R&R. ECF No. 133. Again, Plaintiff failed to file an objection despite having been granted an extension of time to do so. In sum, Plaintiff's failure to comply with multiple Roseboro Orders and failure to take appropriate actions to pursue his case even when granted extensions of time to do so demonstrate a history of him deliberately proceeding in a dilatory fashion.

Fourth, no other reasonable sanctions are available. As stated, the Magistrate Judge warned Plaintiff that his case may be dismissed pursuant to Rule 41 if he failed to respond to the motions filed. ECF No. 116 at 2. Nonetheless, Plaintiff failed to respond. No less drastic sanction is reasonable under these circumstances.

Plaintiff's failure to diligently prosecute his case and failure to comply with Court orders makes it reasonable to conclude he has abandoned his remaining claims. Therefore, Plaintiff's remaining claims against Sherriff Al Cannon and Dr. Grant are hereby dismissed pursuant to Rule 41(b).[3]

IT IS SO ORDERED.

*s/Terry L. Wooten*
Chief United States District Judge

January 20, 2017
Columbia, South Carolina

---

[3] The Court notes that Plaintiff also failed to timely effect service upon Dr. Grant. As Plaintiff was incarcerated at the time service was due, the United States Marshal Service attempted to serve Dr. Grant at the address provided by Plaintiff. However, the record indicates they were unable to locate Dr. Grant at that address and were unable to obtain any additional information concerning another address. ECF No. 63. Because Dr. Grant was not timely served, the claims against him are also properly dismissed without prejudice pursuant to Rule 4(m).